UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT MYERS,

                      Plaintiff,

   -against-                                                  1:14-cv-1492 (LEK/CFH)

THE PEOPLE OF THE STATE OF
NEW YORK, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Scott Myers ("Plaintiff") commenced this action for violations of his civil rights that allegedly occurred after he was arrested on the charge of driving while intoxicated. Dkt. No. 1 ("Complaint"). United States Magistrate Judge Christian F. Hummel granted Plaintiff's Application to proceed *in forma pauperis* and conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 9 ("Report-Recommendation"). The Report-Recommendation, which recommended the dismissal of claims against all Defendants except for Officer Gambino ("Gambino"), was approved and adopted in its entirety. Dkt. No. 18 ("April Order"). On August 3, 2015, Plaintiff filed an Amended Complaint seeking to add claims against the Sheriff of the Town of Saugerties. Dkt. No. 26 ("Amended Complaint"). Presently before the Court is an initial review of the Amended Complaint.[1]

---

[1] On August 21, 2015, Gambino filed a Motion to dismiss for failure to state a claim in reference to the original Complaint. Dkt. No. 34 ("Motion"). Plaintiff has filed a Cross-Motion and Response in opposition. Dkt. No. 38 ("Cross-Motion"). Because Plaintiff has filed an Amended Complaint, Gambino's Motion as well as Plaintiff's Cross-Motion are denied as moot.

## II. INITIAL SCREENING

### A. Legal Standard

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Amended Complaint in light of 28 U.S.C. § 1915(e).[2] Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Additionally, when reviewing a complaint, a Court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977)).

---

[2] The Court will review the Amended Complaint in place of the original Complaint. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)).

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." Id. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009).

**B. Summary of the Amended Complaint**

The following facts are set forth as alleged by Plaintiff in his Amended Complaint. On June 28, 2009, Gambino stopped Plaintiff's car in the Town of Saugerties. Am. Compl. at 2. Plaintiff produced his drivers license and registration, but was almost immediately asked to exit his vehicle, placed in handcuffs, and escorted to Gambino's police car. Id. Plaintiff alleges that Gambino did not read Plaintiff his Miranda rights or provide him with chemical refusal warnings and ignored Plaintiff's request for an attorney. Id. Five other officers arrived at the scene, and Plaintiff alleges that he was yelled at and asked to perform field sobriety tests, which he did. Id. Plaintiff was then arrested and arraigned a few hours later before Judge Daniel Lamb. Id. He contends that intake at Ulster County Jail recorded no evidence of substance abuse. Id. Plaintiff contends that "Gambino's

3

papers" and subsequent testimony to the Department of Motor Vehicles at an administrative hearing were false, and that Gambino improperly impounded Plaintiff's car. Id. Plaintiff's trial for the underlying offenses occurred 1,315 days after his arrest, during which Plaintiff represented himself *pro se* and had all charges against him dismissed. Id. Plaintiff contends that Officer Gambino was not licensed to operate the chemical test equipment, did not know how to operate his RADAR equipment, and lacked probable cause that Plaintiff was traveling at a speed of 51 or 52 miles per hour in a 35 mile per hour zone. Id. Plaintiff has added claims against the Sheriff of the Town of Saugerties for his failure to properly train or manage his subordinate, Gambino. Id.

In his first cause of action, Plaintiff asserts the following claims: "stopping an innocent citizen, making false claims in official papers, making a false arrest, taking property that they were not entitled or empowered to take, intimidating a citizen, causing great and real mental harm, causing a report in the 'blotter' of arrests that is false and caused damage to my public reputation with concommitant [sic] losses of income, and that the loss of my drivers [license] from then to now is caused by the actions of the defendants." Id.

In his second cause of action, Plaintiff alleges that Gambino caused him mental anguish by falsely claiming that Plaintiff was not cooperative and by further exacerbating Plaintiff's post-traumatic stress disorder. Id. at 3. Plaintiff's third cause of action asserts a claim against Gambino for allegedly lying at the administrative hearing held by the Department of Motor Vehicles. Id. Plaintiff seeks punitive damages, compensation, and damages for pain and suffering. Id. at 2, 4.

Liberally construed, Plaintiff alleges the following claims: (1) Gambino arrested Plaintiff without probable cause and impounded his car in violation of the Fourth Amendment and Plaintiff's due process rights; (2) Gambino made misrepresentations at Plaintiff's administrative hearing,

4

thereby depriving him of due process and in violation of his equal protection rights; and (3) the Ulster County Sheriff failed to properly supervise and train its employees, resulting in the deprivation of Plaintiff's constitutional rights.

**C. Analysis**

  *1. Legal Standard*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." German v. Fed. Home Loan Mort. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)); see also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) ("Section 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The Court will construe the allegations in Plaintiff's Amended Complaint with the utmost leniency. See, e.g., Haines v. Kerner, 404 U.S. 519, 521 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

  *2. Application*

In § 1983 actions, the applicable statute of limitations is the State's "general or residual [state] statute [of limitations] for personal injury actions . . ." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In New York, a three-year statute of limitations applies for personal injury actions and thus to § 1983 actions. Id.;

see also N.Y. C.P.L.R. § 214(5). Although state law provides the relevant limitations period, federal law determines when a § 1983 action accrues, which has been held to be the time "when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001); see also Covington v. City of New York, 916 F. Supp. 282, 285 (S.D.N.Y. 1996) (same). "Thus, in determining when the statute begins to run, the proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful." Covington, 916 F. Supp. at 285 (internal quotation marks omitted).

Plaintiff commenced this action on December 10, 2014. Compl. The statute of limitations for a § 1983 claim seeking damages for false arrest, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 397 (2007). Plaintiff was detained immediately following his arrest on June 28, 2009. Am. Compl. at 2. Accordingly, Plaintiff should have commenced his false arrest claim no later than June 28, 2012. Similarly, to the extent that Plaintiff claims he was denied due process and equal protection the night of his arrest, that claim should have been commenced no later than June 28, 2012, which is three years after the actual constitutional deprivation.

The statute of limitations on false imprisonment begins to run when the alleged false imprisonment ends. Wallace, 549 U.S. at 389. This takes into account the reality that a victim may not be able to sue while he is still imprisoned. Id. "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. Any damage arising after legal process is afforded "forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by

absence of legal process, but by wrongful institution of legal process." Id. Here, Plaintiff was arraigned two hours after his arrest, which would have either been on June 28, 2009 or June 29, 2009. Am. Compl. at 2. Therefore, Plaintiff's false imprisonment claim should have been brought by June 29, 2012 in order to be timely.

To the extent that Plaintiff claims he was denied due process and equal protection during his bench trial before Judge Lamb, the Amended Complaint does not include sufficient factual allegations to allow the Court to determine whether Plaintiff's claims are timely. As previously mentioned, the Amended Complaint is now the operative pleading in this action and supersedes the allegations contained in the original Complaint. However, the Court finds that the Amended Complaint does not include sufficient factual allegations to allow the Court to conduct a meaningful initial review of Plaintiff's claims. In light of Plaintiff's *pro se* status and in recognition of the fact that the original Complaint included a more complete timeline of the underlying facts of this case, Plaintiff will be afforded one final opportunity to amend his Complaint.

Accordingly, Plaintiff is instructed to provide a second amended complaint, which should include sufficient factual allegations so that the Court may determine when Plaintiff's due process and equal protection claims accrued. Any amended complaint submitted by Plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claims that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Plaintiff's second amended complaint, which shall supersede and replace in its entirety the original Complaint and Amended Complaint, must be a complete pleading which sets forth all of the claims that Plaintiff wants the Court to consider as a basis for awarding relief herein.

Plaintiff is instructed to file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order.

### 3. *Equitable Tolling*

"In cases where the statute of limitations has run, equitable tolling may be available." Boyle v. DeWolf, No. 13-CV-0104, 2013 WL 1749933, at *2 (N.D.N.Y. Apr. 23, 2013) (Kahn, J.). Equitable tolling is available only in "rare and exceptional circumstances," where a court finds that "extraordinary circumstances" have prevented a party from filing his or her claims within the statute of limitations. Abbas v. Dixon, 480 F.3d 560, 564 (2d Cir. 2007). The party asserting that equitable tolling applies must have "acted with reasonable diligence throughout the period he [sought] to toll." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). Further, a plaintiff bears the burden of establishing that equitable tolling of her claims is appropriate. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). Equitable tolling is generally not available where the circumstances that a plaintiff claims prevented him from timely filing were within the plaintiff's control. See Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (noting that the "exceptional circumstances" giving rise to equitable tolling must be "beyond [the] control" of the party who seeks to benefit from it); see also Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (finding that equitable tolling was not available where *pro se* litigant's delay in filing his § 1983 action appeared to be entirely within his control).

In light of Plaintiff's *pro se* status and in the interests of justice, Plaintiff is instructed to file a memorandum of law with the Court **within thirty (30) days** of this Decision and Order, explaining why his § 1983 claims are timely and setting forth any arguments in favor of equitable tolling. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (holding that district courts should

provide *pro se* plaintiffs notice and an opportunity to be heard before dismissing claims as untimely *sua sponte*). At this time, the Court takes no position on the merits of Plaintiff's claims.

### III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 34) to dismiss is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion (Dkt. No. 38) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff submit a second amended complaint setting forth all of the facts and claims that the Court will consider when conducting an initial review under 28 U.S.C. § 1915(e) **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED**, that Plaintiff submit a memorandum of law addressing the timeliness of his claims **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:      February 09, 2016
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge