UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT MYERS,

                        Plaintiff,

   -against-                                      1:14-CV-1492 (LEK/CFH)

THE PEOPLE OF THE STATE OF
NEW YORK, *et al.*,

                        Defendants.

**DECISION AND ORDER**

## I. INTRODUCTION

Pro se plaintiff Scott Myers commenced this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights that allegedly occurred after he was arrested on the charge of driving while intoxicated. Dkt. Nos. 1 ("Complaint"), 26 ("Amended Complaint"), 49 ("Second Amended Complaint"). Presently before the Court are Plaintiff's motion for reconsideration, Dkt. No. 73 ("Motion for Reconsideration"),[1] and motion for recusal and reconsideration, Dkt. No. 77 ("Motion for Recusal"). Defendants filed a response to the Motion for Reconsideration. Dkt. No. 74 ("Opposition"). For the following reasons, Plaintiff's motions are denied.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background and procedural history of this action, and will recount only the background necessary for the disposition of the present motions. For further background on the case, reference is made to the Court's Memorandum-Decision Order dated March 24, 2017. Dkt. No. 69 ("March Order").

---

[1] Plaintiff filed two versions of his Motion for Reconsideration. Compare Dkt. No. 71, with Mot. for Reconsideration. The Court construes the later filing as the operative motion.

The March Order considered the only claims in the Second Amended Complaint that survived initial review under 28 U.S.C. § 1915(e), which the Court construed as claims that defendant Gambino deprived Plaintiff of due process by giving false testimony at Plaintiff's bench trial. Mar. Order at 4. Defendants moved to dismiss on the ground that Gambino is entitled to absolute immunity for the testimony he gave (or did not give) at Plaintiff's trial. Dkt. No. 60 ("Motion to Dismiss") at 7. Plaintiff filed a motion in response, Dkt. No. 65 ("Responsive Motion"), which continued to assert a false arrest claim despite the Court having dismissed that claim in its May 9, 2016 Memorandum-Decision and Order. Resp. Mot. at 7; Dkt. No. 56 ("May Order") at 13. Plaintiff also asked the Court to "look at the municipality of Saugerties as a defendant," despite the Court having dismissed Plaintiff's claims against the Town of Saugerties in its May Order. Resp. Mot. at 10; May Order at 13. The Court granted the Motion to Dismiss, because Gambino is entitled to absolute immunity under § 1983 for his testimony at trial as a police officer. Mar. Order at 6–7. The Court also denied the Responsive Motion, which the Court construed as a motion to reconsider its earlier orders to dismiss Plaintiff's false arrest claim and his claims against the Town of Saugerties. Id. at 9–10.

Plaintiff now asks the Court to reconsider its March Order, Mot. for Reconsideration at 14–16, and also to reconsider its text order dated April 25, 2017, Mot. for Recusal at 6–7; see also Dkt. No. 76 ("Text Order"). The Text Order struck Plaintiff's reply to the Opposition, because Plaintiff did not request permission to file the reply. Text Order. Finally, Plaintiff has requested that the Court recuse itself from this action, because the Court "has created a false path to assist the defense." Mot. for Recusal at 12.

### III. LEGAL STANDARD

#### A. Motion for Reconsideration

A motion for reconsideration may be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting a motion for reconsideration 'is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Advanced Fiber Techs. Tr. v. J&L Fiber Servs., Inc., 751 F. Supp. 2d 348, 382–83 (N.D.N.Y. 2010) (Kahn, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "[R]econsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Id. at 383 (quoting Shrader, 70 F.3d at 257).

#### B. Motion for Recusal

A request for recusal necessarily implicates 28 U.S.C. §§ 144 and 455, the statutes which detail the circumstances under which a federal judge may properly be disqualified from a particular matter based upon an appearance of partiality, bias, or prejudice. Jemzura v. Publ. Serv. Comm'n, 961 F. Supp. 406, 410 (N.D.N.Y. 1997). A judge may be required to recuse herself based upon "personal bias or prejudice . . . against [a party] or in favor of any adverse party." § 144. Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned," § 455(a), or where a judge has "a personal bias or prejudice

3

concerning a party," § 455(b)(1). Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes. Jemzura, 961 F. Supp. at 410 (citing Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). The question of whether an appearance of impartiality exists is an objective one, based on "what a reasonable person knowing all the facts would conclude." Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003).

The Supreme Court has emphasized that where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is inappropriate absent proof that those rulings either "relied upon knowledge acquired outside such proceedings [or] displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 556 (1994); see also Kampfer v. Gokey, 955 F. Supp. 167, 170 (N.D.N.Y. 1997). Simply put, the mere rendering of adverse rulings against a party is an insufficient basis upon which to find the appearance of bias. In re IBM Corp., 618 F.2d 923, 929 (2d Cir. 1980).

A recusal decision rests within the sound discretion of the judge whose recusal is sought. United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). In addition, a judge has "an affirmative duty . . . not to disqualify himself unnecessarily." SEC v. Grossman, 887 F. Supp. 649, 658–59 (S.D.N.Y. 1995) (citing Nat'l Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978)).

## IV. DISCUSSION

### A. Reconsideration

As to the Court's March Order, Plaintiff "seeks solely to relitigate [] issue[s] already decided." Advanced Fiber Techs. Tr., 751 F. Supp. 2d at 383. He fails to point to any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice with respect to the Court's findings. The Court properly found that Gambino is entitled to absolute immunity under § 1983 with respect to his testimony at trial because he is a police officer. Mar. Order at 6–8. Moreover, the Court properly found that Plaintiff cannot relitigate claims for false arrest and against the Town of Saugerties, which were dismissed in 2016. May Order at 13.

As to the Court's Text Order, "reply papers on non-dispositive motions are not permitted without the Court's prior permission" in this District. Bruno v. City of Schenectady, No. 12-CV-285, 2014 WL 2707962, at *3 (N.D.N.Y. June 16, 2014) (citing L.R. 7.1(g), 7.1(b)(2)). The Motion for Reconsideration is non-dispositive because "the relief requested is simply reconsideration of a decision, not the litigation of a new dispositive motion." Id. Plaintiff did not receive permission from this Court to file a reply to the Opposition to his Motion for Reconsideration. Therefore, the Court properly struck his reply pursuant to Local Rules 7.1.(b)(2) and 7.1(g). Plaintiff does point to any law to the contrary, but merely states that the Court's Text Order is indicative of its improper bias. Mot. for Recusal at 6–7.

### B. Recusal

Plaintiff's allegations of bias and impartiality are not specified, other than the repeated claim that the Court "has created a false path to assist the defense." Id. at 12. However, nothing

5

in Plaintiff's submissions or the record suggests that this Court harbors either favoritism toward Defendants or antagonism toward Plaintiff, such that the Court's impartiality could reasonably be questioned. Liteky, 510 U.S. at 555. The Plaintiff's claims of impartiality are not supported by any facts and can, at most, be described as "remote, contingent or speculative" and are not the type of interest that reasonably brings the Court's impartiality into question. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988). Recusal is therefore not required and would be inappropriate under either § 144 or § 455(b).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motions for Reconsideration (Dkt. Nos. 71, 73) are **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Recusal and Reconsideration (Dkt. No. 77) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Letter Motion for Expedited Consideration is **DENIED as moot** (Dkt. No. 78); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 28, 2017
Albany, New York

*/s/ Lawrence E. Kahn*
Lawrence E. Kahn
U.S. District Judge